

# THE ATTORNEY GENERAL

# OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

~~WILLIAM WILSON~~XXXXXXXXXXXX

ATTORNEY GENERAL

Honorable C. O. Murdoch
County Attorney
Menard County
Menard, Texas

Dear Sir:

Opinion No. 0-3074
Re: May a ballot box be produced in court, opened and a ballot intro- duced in evidence in a criminal case.

Your written request for an opinion from this department has been received. We quote from your request as follows:

"I have a case coming up here, very soon, in which the defendant is charged with violat- ing the election laws, to be specific, with having filled out a ballot for an aged man, past sixty years of age, contrary to the direc- tions, otherwise than directed by the said aged voter, the defendant at the time serving as assistant election judge or officer.

"The defendant was indicted by the grand jury upon the complaint of the said voter, so I understand.

"Now, what I want to know is is there any process by which I may secure and introduce in to evidence in the trial the ballot of said voter? Should I file a written motion with the Court to order the County Clerk to turn over to the Court the said ballot for evidence or should I obtain the issue of a Writ Duces Tecum against the County Clerk to have him appear in Court and present the ballot for evidence, or by what means may I?

"Does Article 3028, R.C.S. prohibit the use of the ballot for evidence except in cases where elections are contested and the sole pur- pose of the suit is to determine the validity of the election? Carroll vs. State, 124 Cr. R.

180, is cited in support of the affirmative ,
but in that case and in all others that I have
read, there was not the same set of facts as
is in this case, where the voter seeks the
punishment of one who is charged with having
marked his ballot otherwise than directed.
The provision pertaining to the sacredness
of the secret ballot, in our laws and Consti-
tution, was for the purpose of keeping the
ballot secret and was for the protection of
the voter in securing for him the right to
vote as he pleases; if he wants to waive that
right for the purpose of securing and enjoy-
ing the right of suffrage, and for the pur-
pose of preventing corruption and fraud which
denies him that suffrage or right to vote as
he pleases, may he not do so, with the sanc-
tion of the law?"

From the facts given in your request, it is apparent
that the election official is charged with violating either
Article 224 or Article 225 of the Penal Code, 1925, which has
to do with improper assistance to voters.

Article 3028 of the Revised Civil Statutes, 1925,
provides for the custody of the official ballots and ballot
boxes after the election judges have counted the ballots cast
in an election.  It will be noticed that the only provision
for opening the ballot boxes after they have been turned over
to the county clerk is in cases where a contest has developed
and then the necessary boxes shall be delivered by said county
clerk to "any competent officer having a process therefor,
from any tribunal or authority authorized by law to demand
such ballot box."  Article 3041 of the Revised Civil Statutes,
1925, provides that election contests shall be filed in the
District Court.  Article 3071, Revised Civil Statutes, 1925,
gives the District Court, in such election contests, very
broad power, including the power to have the ballot boxes
produced, opened and the ballots examined.  Said statute deals
only with the power of the court in cases where there is an
election contest and could not be said to cover the instant
case.

Our Court of Criminal Appeals has held in several
cases that the only provision made under our laws for the
opening of the ballot boxes and examining the ballots and
introducing them in evidence is in cases where there is an
election contest.  This power has been held not to extend
to criminal prosecution of election officials charged with
violation of the Penal Statutes.  This was the holding by

the Court of Criminal Appeals in Carroll v. State, 124 Cr.
R. 180, 61 S. W. (2d) 1005. The defendant in that case was
charged and convicted under Article 227 of the Penal Code,
1925, for making false canvass of votes cast at an election.
The ballot boxes were opened and the ballots examined before
the grand jury. This same evidence was introduced over pro-
per objections in the trial of the case. The court held
that it was improper for the ballot boxes to be opened be-
fore the grand jury as not being authorized by law. The
court further held in reversing and remanding the case as
follows:

> "In June, 1911, there was before the Supreme
> Court of this state, the case of Clary et al. v.
> Hurst, reported in 104 Tex. 423, 138 S. W. 566,
> ****. The conclusion of the court is expressed
> at page 571 of 138 S.W., 104 Tex. 423, in the fol-
> lowing language:

> "'Again, it is manifest that the box con-
> taining these ballots cannot and was not in-
> tended to be opened, except in the event of a
> contest, and then only in response to and by
> authority of due and lawful process. And by
> "contest" here is meant, we think, a suit in
> which the validity of the election, or the cor-
> rect ascertainment of the result thereof, is
> the subject-matter of litigation in a court
> having jurisdiction to hear and determine such
> issues. * * *.'

> "In the case of Beach v. State, 75 Tex. Cr.
> R. 434, 171 S. W. 715, 716, a prosecution under
> the same article as is the present conviction,
> we find in the opinion of this court, written by
> Judge Davidson, the following conclusion:

> "'The state was permitted to introduce in
> evidence and open the ballot box containing the
> names of the voters at the election mentioned in
> the indictment. Various and sundry objections were
> urged to the introduction of this testimony. At
> this late date, in view of the authorities, the
> Constitution and the statute, we are of opinion
> the court was clearly wrong, and the objections
> should have been sustained. * * *

> "'But whether the ballot box had been opened
> or not, and whether the criminal prosecution oc-
> curred within 12 months, would make no difference,

so far as this case is concerned, <u>because the statute has limited the opening of the ballot box to contested elections, and the authorities hold that these ballot boxes cannot be opened or the ballots used as evidence in criminal cases.</u>'

"In support of his conclusion, Judge Davidson refers to the following cases: State v. Taylor, 220 Mo. 618, 119 S.W. 373 (a Missouri case); Ex parte Arnold, 128 Mo. 256, 30 S.W. 768, 1036, 33 L.R.A. 386, 49 Am. St. Rep. 557; State v. Francis, 88 Mo. 557. In the case of Ex parte Arnold, 128 Mo. 256, 30 S.W. 768, 1036, 33 L.R.A. 386, 49 Am. St. Rep. 557, the conclusion which coincides with that of the appellant here, is bottomed upon the view entertained by the Supreme Court of Missouri at the time the opinion was written that the constitutional provision declaring that an election by ballot carries with it the <u>obligation that the ballot be kept secret unless its exhibition is made legal by some express provision of the law.</u> The decisions throughout this country seem unanimous in holding that the requirement that the vote be by ballot, that a 'secret ballot' is meant, whether the requirement be in the Constitution or in a statute.

" * * * * .

"In article 3028, Rev. St. 1925, minute and express legislative direction is accorded with reference to the preservation and secrecy of the ballots. In the article, legislative sanction of the use of the ballot in a <u>contest election case is accompanied with language which unmistakably shows that except in contested election cases the ballots shall not be opened and exhibited.</u>

"* * * *.

"The conclusion stated, namely, that the vote by ballot means a 'secret vote,' and the zeal and care with which the courts have guarded them is emphasized by many courts and textwriters. See Wigmore on Evidence, Vol. 4, § 2214; Cooley's Const. Limitations (8th Ed.) Vol. 2, p. 1378.

"The decision of the Supreme Court of California upon the same subject as the present, and construing a law practically like the law of this state, held that unless there was a contest of the election, the ballots were not available to prove fraud in the election, nor could the ballots be exhibited where it appeared, as it does in the present appeal, that the regulation for the preservation and custody of the ballot has been disregarded. See Ex Parte Brown, 97 Cal. 83, 31 p. 840. In the same case, touching the criticism that the enforcement of the law as declared might be an impediment to the conviction for fraud, the court expressed the obvious view that the preservation of the secrecy of the ballot and its purity was primarily a subject for the Legislature.

"The use against the appellant of the evidence going to show how the individuals at the election voted is regarded as contrary to the law of the land, and we understand it has been so declared in the case of Beach v. State, supra, and also in the case of Clary et al. v. Hurst, supra. Its reception, being in conflict with the law as interpreted in the various decisions of other states and by virtue of article 727a, C. C. P. 1925, declaring that no evidence obtained in violation of the Constitution or laws of the state of Texas shall be admitted in evidence against the accused on the trial of any criminal case, we are constrained to conclude that the conviction of the appellant cannot be sustained.

"From the case of Ex parte Brown, 97 Cal. 83, 31 p. 840, 842, the following quotation is taken: 'We are asked by counsel how the declared intention of the legislature to punish frauds by election officers can be reconciled with an intention to prevent the use of the best means of proving such frauds. * * * This failure of provision, however, if, indeed, there was such failure, cannot be remedied by the courts, but must be left to the legislature itself for amendment. If it is though necessary to make the ballots available as evidence in criminal proceedings, the legislature can do so, under such limitations and restrictions as may be deemed essential to their integrity. The courts cannot open them for inspection without destroying all

safeguards, except as each particular judge who may order them into court shall see proper to apply, nor without impairing in all cases, and possibly destroying in many, their value as evidence for the only purpose for which the law has directed their preservation.'

"The views of this court are in accord with the remarks quoted above."  (Underscoring ours).

We have been unable to find any specific authority providing for the opening of ballot boxes and the examination of the ballots and introducing them in evidence in criminal cases.  Neither do we find such authority providing for the opening of a ballot box and the examination of a particular or singular ballot as would seem to be proper in the instant case.  We believe the ruling in the Carroll v. State case, supra, and cases cited therein, control the law applicable to the instant case.

You are advised that it is the opinion of this department that the laws and decisions of this State prohibit the opening of a ballot box and the introduction of the ballot in evidence in the criminal case referred to in your inquiry.

In view of the above holding, we do not believe it is necessary to answer the other propositions covered in your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Harold McCracken
Harold McCracken
Assistant

HM:RS:wc


APPROVED FEB 3, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman